UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| CHERI STRANDBERG, <br><br> Plaintiff, <br><br> vs. <br><br> STATE FARM MUTUAL AUTO INSURANCE CO., <br><br> Defendant. | 2:15-cv-02468-RCJ-PAL <br><br> **ORDER** |

This case arises out of an automobile insurer's refusal to pay a claim under an underinsured motorist provision. Pending before the Court is a Motion to Dismiss (ECF No. 2). For the reasons given herein, the Court denies the motion as moot.

**I. FACTS AND PROCEDURAL HISTORY**

Plaintiff Cheri Strandberg was insured under Policy No. 2965425A2328H (the "Policy") issued by Defendant State Farm Mutual Auto Co. ("State Farm") on April 21, 2013 when non-party Diana Andriola negligently crashed into Plaintiff's vehicle in Las Vegas, Nevada, causing Plaintiff injuries. (Am. Compl. ¶¶ V, IX–X, ECF No. 1, at 12). On June 10, 2014, Andriola's insurer tendered to Plaintiff the policy limit of $15,000 under the liability provision of Andriola's policy. (*See id.* ¶¶ XI–XII). On May 29, 2014, Plaintiff made a claim to Defendant for the policy limit of $100,000 under the underinsured motorist ("UIM") provision of the Policy. (*See id.*

¶¶ VI, XIII, XV).  Defendant denied the claim, failed to make any settlement offer, and failed to review the claim in a timely manner. (*Id.* ¶ XV).

Plaintiff sued Defendant in state court for breach of contract, tortious breach of the implied covenant of good faith and fair dealing ("insurance bad faith"), and violation of Nevada Revised Statutes section ("NRS") 686A.310.  Defendant moved to dismiss the third claim for failure to state a claim.  The parties have since stipulated to Plaintiff amending the claim.

## II.  LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

*Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

### III.  ANALYSIS

Defendant is correct that NRS 686A.310(1) lists many potential ways by which an insurer might violate the statute.  The section includes 16 subsections listing prohibited practices under the statute, and Plaintiff has identified none of them.  One or more subsections of the statute might be implied from the Complaint, but the Court cannot guess at which subsections Plaintiff wishes to invoke, especially as the claim is devoid of facts relating to any of the subsections and will have to be dismissed with leave to amend in any case.  The Court would therefore normally grant the motion to dismiss, with leave to amend to plead subsections of the statute and facts which if true establish a violation of those subsections. *See Iqbal*, 556 U.S. at 677–79 (citing *Twombly*, 550 U.S. at 556)).  Because the parties have stipulated to such an amendment in the meantime, however, the Court will deny the pending motion as moot.

### CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

Dated this 12th day of February, 2016.

_____
ROBERT C. JONES
United States District Judge